# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FREDRICK J. LEWANDOWSKI, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 19 C 3646 |
| TEAMSTERS LOCAL 700, | ) ) | Judge Charles P. Kocoras |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Teamsters Local 700's ("Local 700") motion to dismiss Plaintiff Fredrick J. Lewandowski's ("Lewandowski") complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). For the following reasons, the Court grants Local 700's 12(b)(6) motion and denies as moot the 12(b)(7) motion.

## STATEMENT

For purposes of this motion, the Court accepts as true the following facts from the complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Lewandowski's favor. *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

Local 700 is a labor organization within the meaning of 29 U.S.C. § 262(c)(1). Lewandowski is a 60-year-old member of Local 700 and works as a Highway Maintainer for the Illinois Department of Transportation ("IDOT").

On November 12, 2015, the IDOT suspended Lewandowski's employment because he was accused of a class A misdemeanor (exposing his sex organs for the purpose of sexual arousal), which was ultimately downgraded to a class C misdemeanor (disorderly conduct). The charges for disorderly conduct were dismissed through a motion *nolle prosequi*.[1]

On February 18, 2017, IDOT reinstated Lewandowski, but did not pay him for wages, over-time wages, and vacation time for the suspension period. This amount totals to roughly $85,000. As a result, Lewandowski filed a grievance claiming he was entitled to compensation for his suspension period.

Local 700 and Illinois Department of Central Management Services ("IDCMS") for IDOT have a Collective Bargaining Agreement that provides for an employee grievance procedure. Lewandowski alleges that Local 700's agent told him that his grievance was meritorious, would be taken to arbitration if IDCMS/IDOT made an unacceptable settlement offer, and that Lewandowski also had the option to reject any settlement agreement and get his own lawyer. Nevertheless, on March 16, 2018, Local 700 mailed a letter to Lewandowski that stated they were unable to take his grievance to arbitration. The record is unclear as to the reasons underlying this determination by Local 700.

---

[1] Lewandowski contends that the *nolle prosequi* motion was based on video recordings indicating that "[p]laintiff could not have committed any offense." However, "[t]he effect of a *nolle prosequi*, when obtained, is to put the defendant without [his] day, but it does not operate as an acquittal; for he may be afterwards re-indicted…" Stephen Michael Sheppard, *Bouvier Law Dictionary Nolle Prosequi*, THE WOLTERS KLUWER BOUVIER LAW DICTIONARY DESK EDITION. Local 700 contends that the *nolle prosequi* does not prove Lewandowksi's innocence.

After the grievance proceedings failed to reach a favorable result, IDCMS and IDOT gave Local 700 a settlement offer for Lewandowski.[2] On May 25, 2018, Lewandowski text messaged Local 700 stating that the settlement offer was not acceptable. Local 700 acknowledged the text message in an e-mail. On February 28, 2019, Lewandowski filed a charge with Equal Employment Opportunity Commission ("EEOC").

Lewandowski alleges that Local 700 engaged in a pattern of rarely arbitrating grievances. He further alleges that, according to the IDCSM, Local 700 has had "zero arbitration final outcomes from July 15, 2015 through March 15, 2019." Lewandowski also alleges that when Local 700 does arbitrate grievances, it rarely arbitrates grievances for members over the age of forty but does arbitrate grievances of members under the age of 40. For support, he cites to an instance where Local 700 arbitrated the grievance of Paul Jennings, who is thirty years old. Accordingly, Lewandowski alleges that Local 700 engages in age discrimination in order to curry favor with younger members who will pay dues and vote in union elections for a longer period of time.

On March 4, 2019, the EEOC issued Lewandowski a "right to sue" letter. Based on these events, Lewandowski filed his Complaint on May 31, 2019. On August 30, 2019, Local 700 moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7).

---

[2] The record is unclear as to the details of the settlement offer or the reasons it was made.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not provide detailed factual allegations, but they must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

Local 700 urges the Court to dismiss the Complaint because Lewandowski's claim is time barred. Alternatively, Local 700 contends Lewandowski does not adequately state a claim for age discrimination.[3]

---

[3] Local 700 argues that Lewandowski's complaint should be dismissed because he failed to allege facts showing that Local 700's actions were motivated by his age, and he failed to join the IDOT as a necessary party. Because we find that Lewandowski's claim is time-barred, we decline to reach the remaining arguments.

4

Local 700 argues that Lewandowski's claim is time-barred because he failed to file a timely charge with the EEOC.[4] The Court agrees.

The ADEA states:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary of the [Commission]. Such a charge shall be filed … within 180 days after the alleged unlawful practice occurred; or… in a case to which section 14(b) [29 USCS § 633(b)] applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

29 U.S.C. § 626(d)(1)(A)–(B). Since Illinois is a deferral state, Lewandowski had 300 days from the alleged unlawful practice to file his charge with the EEOC. The timing of ADEA claims begins with "[e]ach discrete discriminatory act… [each act] starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred." *AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002).

Lewandowski's complaint alleges that on March 16, 2018, Local 700 sent him a letter stating that it is "unable to arbitrate" his grievance. On May 25, 2018, Lewandowski sent Local 700 a text message declining a settlement offer that they negotiated on his behalf with the IDOT. Local 700 responded with an e-mail acknowledging their receipt of his rejection. Lewandowski argues that Local 700's

---

[4] To the extent that Local 700's time-bar argument rests on the date Lewandowski filed his complaint, that argument is rejected. Lewandowski is required to file a *charge* with the EEOC within 300 days of the unlawful conduct, not a complaint. 29 U.S.C. § 626(d)(1)(A)-(B) (emphasis added). The deadline to file a complaint is within 60 days after the EEOC issues a right-to-sue letter.

5

discrete act of failing to arbitrate his grievance did not occur until May 25, 2018, when settlement negotiations expired and Local 700 acknowledged his rejection. For support, he cites to *McNally Tunneling Corporation v. City of Evanston*, 2001 WL 2001 WL 76338 at *6, (N.D. Ill. 2001), which he asserts stands for the proposition that the 300-day window for filing a charge is tolled until settlement negotiations expire. The Court disagrees.

At issue in *McNally* was a motion to compel arbitration on a contract dispute, not a discrimination claim. Even if *McNally* did involve a discrimination claim, the parties there had *agreed* to hold arbitration in abeyance while a settlement was being negotiated. *Id*. Contrary to Lewandowski's assertions, therefore, settlement negotiations cannot unilaterally toll an arbitration deadline absent the parties' agreement. Accordingly, the Court finds that the date the alleged discriminatory act occurred is March 16, 2018, when Local 700 informed Lewandowski that it was unable to arbitrate his grievance.

Having established the date of the discrete discriminatory act alleged, the Court next assesses whether Lewandowski's claim is time-barred. As noted above, Lewandowski had 300 days from the alleged unlawful practice to file his charge with the EEOC. Lewandowski did not file his charge until February 28, 2019, which is 349 days after Local 700 refused to arbitrate his grievance. Accordingly, Lewandowski's claim is time-barred because he did not file a timely charge with the EEOC.

## **CONCLUSION**

For the reasons mentioned above, the Court grants the Local 700's motion to dismiss under Rule 12(b)(6). Because we grant Local 700's 12(b)(6) motion, we deny as moot their 12(b)(7) motion. It is so ordered.

Dated: 03/23/2020

_____
Charles P. Kocoras
United States District Judge